UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOEL SANTIAGO CORONADO BOLIVAR,
by next friend Johanna Mayerly Bolivar Leon, Petitioner,

v. Civil Action No. 4:26-cv-416-DJH

ARTHUR MAGLINGER, Jailer, Daviess
County Detention Center et al., Respondents.

* * * * *

# MEMORANDUM AND ORDER

Pro se petitioner Joel Santiago Coronado Bolivar, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 8). After careful consideration, the Court will grant Bolivar's petition for the reasons explained below.

## I.

Bolivar is a native and citizen of Colombia. (D.N. 7-2, PageID.42) He entered the United States on or about January 28, 2024, and was apprehended by immigration authorities. (*See id.*) Bolivar was "processed for [e]xpedited [r]emoval" and issued a Notice of Expedited Removal (*see id.*) before expressing fear of returning to Colombia. (*Id.*, PageID.41) Following a finding of credible fear (*see id.*), Bolivar was placed in standard removal proceedings via a Notice to Appear on March 1, 2024. (D.N. 7-3, PageID.43) The Notice designated Bolivar as "an alien present in the United States who has not been admitted." (*Id.*) Bolivar was released from federal custody on

an order of recognizance.[1] (*See* D.N. 7-7, PageID.55) On October 14, 2024, Indiana law enforcement charged Bolivar with "Leaving the Scene of an Accident," "Reckless Driving caus[ing] property damage," and "Knowingly or Intentionally Operating Motor Vehicle [without] Ever Receiving a License." (D.N. 7-4, PageID.46) On March 7, 2025, the charges for reckless driving and operating a vehicle without a license were dismissed; Bolivar was sentenced to 180 days of probation for leaving the scene of the accident. (*See id.*, PageID.48–49) On March 10, 2026, U.S. Immigration and Customs Enforcement (ICE) officers arrested Bolivar following "surveillance" of his home and communications that Bolivar allegedly had twenty-two violations of his Alternatives to Detention program with ICE. (D.N. 7-5, PageID.52) ICE canceled Bolivar's release on recognizance the same day. (*See* D.N. 7-7, PageID.55) He remains detained at the Daviess County Detention Center in Owensboro, Kentucky. (D.N. 1, PageID.1)

Bolivar seeks a writ of habeas corpus against Daviess County Jailer Arthur Maglinger, the Chicago ICE Field Office Director, Department of Homeland Security Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche.[2] (*See id.*) Bolivar alleges that his detention without a bond hearing violates due process under the Fifth Amendment. (*See id.*, PageID.6) He seeks immediate release. (*See id.*, PageID.7) Respondents argue that (1) Bolivar was moved from expedited to standard removal proceedings and is thus detained under 8 U.S.C. § 1225(b)(1), and (2) his detention does not violate due process under that provision.[3] (*See* D.N. 7, PageID.34–38)

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[2] Although the petition names the jailer of another detention center (*see* D.N. 1, PageID.1), the docket of this matter was updated to reflect the correct jailer.

[3] Respondents do not argue whether Bolivar must exhaust administrative remedies. (*See generally* D.N. 7) The Court therefore will not address that issue.

## II.

### A. Next-Friend Status

The Court must first determine whether Johanna Mayerly Bolivar Leon may proceed as next friend of Bolivar. "[W]hen the application for habeas corpus filed by a would[-]be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Dupuy v. Unknown Party*, No. 1:25-cv-1683, 2025 WL 3653155, at *2 (W.D. Mich. Dec. 17, 2025) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "A petition for a writ of habeas corpus must be in writing and 'signed and verified by the person for whose relief it is intended or by someone acting in [his] behalf,' known as a 'next friend.'" *Perozo Yendez ex rel. Solorzano Belisario v. Bondi*, No. 1:26-cv-212, 2026 WL 401250, at *1 (W.D. Mich. Feb. 12, 2026) (quoting 28 U.S.C. § 2242); *see Whitmore*, 495 U.S. at 163. "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Perozo Yendez*, 2026 WL 401250, at *1 (alterations in original) (quoting *Whitmore*, 495 U.S. at 163). Generally, "'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore*, 495 U.S. at 162 (citation omitted).

The next friend must satisfy "two firmly rooted prerequisites." *Id.* at 163. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (citations omitted). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* (citations omitted). As to the

second requirement, the next friend "must have some significant relationship with the real party in interest." *Id.* at 164 (citation omitted). This requirement is satisfied "where a close relative acts as next friend." *Kuhl v. Garland*, No. 1:24-cv-485, 2024 WL 3083256, at *2 (W.D. Mich. June 20, 2024) (quoting *Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1027 (11th Cir. 2002)).

Here, federal immigration authorities detained Bolivar following "surveillance" of his home. (D.N. 7-5, PageID.52) Based on the record, Bolivar has not been able to contest his detention except through the petition his mother filed on his behalf. (*See id.*, PageID.53 (stating that Bolivar "will be [h]eld in ICE [c]ustody without bond")) Therefore, the petition adequately shows that Bolivar cannot access the justice system to contest his detention. *See Dupuy*, 2025 WL 3653155, at *3 (concluding that "the [habeas] petition, pending motions, and attached documents adequately demonstrate[d] that the justice system [was] inaccessible" to petitioner detained at an ICE facility); *Perozo Yendez*, 2026 WL 401250, at *2 (making similar finding regarding a next friend challenging petitioner's detention).

Likewise, the petition shows that Johanna Mayerly Bolivar Leon, who claims to be Bolivar's mother (*see* D.N. 1-1, PageID.10), is "truly dedicated to [Bolivar's] best interests." *Whitmore*, 495 U.S. at 163 (citation omitted). The petition includes exhibits demonstrating Leon's "diligent efforts [to understand] [Bolivar's] immigration [proceedings] . . . and the impact of [his] detention on [his] ability to pursue [that] legal benefit[]" (*see id.*, PageID.10–11; D.N. 1-3, PageID.21). *Dupuy*, 2025 WL 3653155, at *3; *see Perozo Yendez*, 2026 WL 401250, at *2 (concluding that petitioner's wife "demonstrated both a significant relationship with Mr. Solorzano Belisario[] and that she is truly dedicated to acting in Mr. Solorzano Belisario's best interests"). The Court therefore concludes that Leon may proceed as next friend of Bolivar and that the Court

has jurisdiction to review the habeas petition. *Dupuy*, 2025 WL 3653155, at *3; *Perozo Yendez*, 2026 WL 401250, at *2; *cf. Whitmore*, 495 U.S. at 164–65 (preventing petitioner from proceeding as next friend of capital inmate who did "not seek a writ of habeas corpus" but instead sought to intervene in state-court proceeding to appeal inmate's conviction and death sentence). The Court has jurisdiction to review Bolivar's habeas petition in any event. *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).

**B. Immigration and Nationality Act**

Respondents argue that 8 U.S.C. § 1225(b)(1)(B)(ii) requires "detention of aliens that were subject to expedited removal proceedings but were also found by an asylum officer to have a credible fear of persecution in their home country and then placed into full proceedings before the Immigration Court." (D.N. 7, PageID.35)

The Court previously addressed arguments related to a similarly situated petitioner in *Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217 (W.D. Ky. June 30, 2026). There, the Court observed that § 1225(b)(1)(B)(ii) "provides that if an asylum officer 'determines at the time of the [credible-fear] interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum.'" *Id.* at *2 (alteration in original) (quoting § 1225(b)(1)(B)(ii)). "The plain meaning of that provision is that detention must continue until immigration officers have finished 'considering' the application for asylum." *Id.* (citation modified) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018)). "Once consideration of the asylum application ends, 'detention under § 1225(b) must end as well.'" *Id.* (quoting *Jennings*, 583 U.S. at 297). If an asylum officer determines that the noncitizen has a credible fear, the

noncitizen may be placed in standard removal proceedings before an immigration judge. *See id.*; *Kumar v. Stevens*, No. 3:26-CV-00132-JJH, 2026 WL 1129594, at *9 (N.D. Ohio Apr. 27, 2026).

Here, Bolivar received a positive credible-fear determination from an asylum officer. (*See* D.N. 7, PageID.33; D.N. 7-1, PageID.40–41) He was then issued a Notice to Appear. (*See* D.N. 7-3, PageID.43) Once the officer issued the credible-fear determination, their consideration of the asylum application ended because Bolivar was then placed in standard removal proceedings before an immigration judge. *See Singh*, 2026 WL 1880217, at *3. Thus, his detention under § 1225(b) "end[ed] as well," and § 1226(a) governed his detention going forward. *Id.* (quoting *Jennings*, 583 U.S. at 297). And because § 1226(a) governs Bolivar's detention, he is entitled to a bond hearing. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026).

**C. Due Process**

Bolivar's detention without a bond hearing violates due process. *See id.* at 719. Because he has not received a bond hearing (*see* D.N. 1, PageID.2), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment. 175 F.4th at 734. But the Sixth Circuit did not require a particular remedy for that violation. *See id.* at 732–34. "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky. 2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*,

No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025) (ordering the petitioner's release and that the respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker"). In accordance with those decisions, the Court will order Bolivar's immediate release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Bolivar's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Bolivar and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **July 30, 2026**.

(2) Bolivar's motion to expedite consideration of the habeas petition (D.N. 10) is **DENIED** as moot.

(3) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

July 28, 2026

**David J. Hale, Chief Judge**
**United States District Court**